Tyler M. Paetkau (Bar No. 146305)
E-mail:tyler.paetkau@procopio.com
Olga Savage (Bar No. 252009)
E-mail:olga.savage@procopio.com
Clint S. Engleson (Bar No. 282153)
E-mail:clint.engleson@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 S California Ave, Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

David A. Perkins (Bar No. 131683)
Executive Vice President & General Counsel
Pacific Steel Group
4805 Murphy Canyon Road
San Diego, CA  92123

Attorneys for Defendant PACIFIC STEEL GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL BERBER, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT PACIFIC STEEL GROUP** |
| v. | State Complaint:    February 2, 2021 |
| PACIFIC STEEL GROUP, a California corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**: Please take notice that Defendant Pacific Steel Group ("PSG"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein (the "Action"), from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendant PSG in the action to date are attached hereto as **Exhibit A**. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendant PSG states as follows:

## I.    INTRODUCTION

1.      As set forth below, PSG properly removed this action to this Court pursuant to 28 U.S.C. § 1331 because this is a civil action raising issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act and the National Labor Relations Act. Plaintiff was a member of a union. His employment, as well as the employment of the allegedly "aggrieved employees," was governed by the terms of a valid collective bargaining agreement. Plaintiff's claims cannot be adjudicated without interpreting the terms of that collective bargaining agreement. Accordingly, this Court has original jurisdiction over Plaintiff's claims.

## II.    PROCEDURAL HISTORY

1.      On February 2, 2021, Plaintiff Israel Berber ("Plaintiff") filed a representative action complaint for alleged violations of California's Private Attorneys General Act of 2004 ("PAGA") in the Superior Court of California, County of San Francisco entitled *Israel Berber v. Pacific Steel Group*, San Francisco County Court Case No. CGC-21-589556 ("Complaint"). Plaintiff purports to sue on his own behalf and on behalf of "other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California (hereinafter collectively referred to as the 'other aggrieved employees')." (Compl., ¶19.) Plaintiff alleges a single cause of action for penalties pursuant to PAGA based on the following alleged violations of the California Labor Code: (1) unpaid overtime (violation of California Labor Code §§ 510 and 1198); (2) failure to provide meal periods (violation of California Labor Code §§ 226.7 and 512(a)); (3) failure to provide rest

periods (violation of California Labor Code § 226.7); (4) failure to pay minimum wages (violation of California Labor Code §§ 1194, 1197, and 1197.1); (5) failure to timely pay wages upon termination (violation of California Labor Code §§ 201 and 202); (6) wages not timely paid during employment (violation of California Labor Code § 204); (7) non-compliant wage statements (violation of California Labor Code § 226(a)); (8) failure to keep requisite payroll records (violation of California Labor Code § 1174(d)); and (9) unreimbursed business expenses (violation of California Labor Code §§ 2800 and 2802). (Compl., ¶¶53-62.)

2.     Plaintiff served PSG with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference via notice and acknowledgment of receipt on April 7, 2021. **Exhibit A**.

3.     On May 6, 2021, PSG filed its Answer to Plaintiff's Complaint in the San Francisco Superior Court. **Exhibit A**.

1.     Based on information and belief, there are no other pleadings filed in this matter.

### III.     FACTUAL BACKGROUND

2.     As relevant to this Court's jurisdiction conferred pursuant to 28 U.S.C. section 1331, Plaintiff specifically alleges:

(a)     "Defendants[1] hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks." Compl., ¶21.

(b)     "…Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law." Compl., ¶27.

(c)     "…Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation." Compl., ¶28.

(d)     "…Defendants failed to provide Plaintiff and the other aggrieved employees

---

[1] The Complaint defines "Defendants" as "Defendant PACIFIC STEEL GROUP and DOES 1 through 100." Compl., ¶10. The Court disregards the identity of the alleged "DOE" defendants for removal purposes. *Bair v. Krug*, 853 F.2d 672, 674 at fn. 2 (9th Cir. 1988).

all required rest and meal periods during the relevant time period." Compl., ¶29.

(e)    "…Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's [*sic*] regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs and the other aggrieved employee's [*sic*] regular rate of pay when a meal period was missed." Compl., ¶30.

(f)    "…Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's [*sic*] regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed." Compl., ¶31.

(g)    "…Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge." Compl., ¶33.

(h)    "…Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment. Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204." Compl., ¶34.

(i)    Plaintiff alleges PSG failed to issued him and allegedly aggrieved employees "complete and accurate wage statements" and that the "deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees." Compl., ¶35.

(j)    "…Defendants failed to reimburse Plaintiff and the other aggrieved employees for all necessary business-related expenses and costs." Compl., ¶46.

(k)     "Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation." Compl., ¶39.

3.     Plaintiff alleges Defendants employed him as an "hourly-paid, non-exempt employee, from approximately November 2019 to approximately May 2020, in the State of California, County of San Francisco." Compl., ¶20.

4.     PSG's northern California operations, where Plaintiff was employed, has had a collective bargaining agreement ("CBA" or "Labor Agreement") in place between PSG and District Council of Iron Workers of the State of California and Vicinity, the Union representing the bargaining unit of which Plaintiff was a member, from early 2015 to present.  (Declaration of David A. Perkins at ¶ 5; **Exhibit B**.)

## IV.     BASIS FOR FEDERAL QUESTION JURISDICTION

5.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. section 1331, and removal is proper under 28 U.S.C. sections 1441 and 1446, in that this is a civil action that raises issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 ("LMRA") and the National Labor Relations Act 29 U.S.C. sections 151-169 ("NLRA").

6.     The LMRA, which is codified as Title 29 U.S.C. sections 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties."  29 U.S.C. § 185(a).  Section 301 applies "beyond cases specifically alleging contract violation to those whose resolution is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (*en banc*; internal citations omitted); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (Section 301 preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement").  Essentially, Section 301 preempts "state law claims grounded in

the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

7.    Section 301 of the LMRA preempts Plaintiff's theories because resolution of his claims will require interpretation of the CBA in place during the relevant time period.  Specific provisions of the CBA that will require interpretation include, without limitation, the following:

(a)    <u>Failure to Pay Meal and Rest Period Premium Theories</u>.  Whether:  (i) Section (6)(B-1) of the CBA requiring that, when employees are required to work continuously for more than four and one-half hours or five hours, depending on their start time, without an opportunity for lunch during the period of a normal shift, they shall receive overtime pay for work after the four and one-half hours or five hours until an opportunity to take time for lunch is afforded and shall thereafter be allowed a reasonable opportunity to eat lunch on the individual employer's time, complies with applicable law; and (ii) Section 6(B-2) of the CBA authorizing rest periods at the rate of ten minutes of rest time for every four hours worked, or major fraction thereof and requiring the individual employer to make up the missed rest period within the same work day or compensate the employee for the missed ten minutes of rest time at his or her applicable rate of pay within the same pay period complies with California law.

(b)    <u>Failure to Reimburse Business Expenses Theory</u>.  Whether Sections 7 and 9 of the CBA, which require reimbursement for employee parking, training, tolls, travel, and subsistence expenses, and Section 24 of the CBA, requiring replacement of employees' clothes in certain circumstances, are adequate to cover the business expenses Plaintiff claims he and allegedly aggrieved employees paid.

(c)    <u>Derivative Claims</u>.  Plaintiff's claims for violations of Labor Code sections 203 (waiting time penalties), 204 (failure to timely pay wages during employment), 226 (wage statement violations) and 1174 (failure to maintain accurate records), among others, are derivative of Plaintiff's meal period, rest break, and overtime claims (addressed immediately below) and therefore require interpretation of the same underlying provisions of the CBA.

8.    Moreover, Section 301 of the LMRA preempts Plaintiff's claims because California overtime law does not apply to an employee working under a qualifying collective bargaining

agreement. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 (2019) (citing Cal. Lab. Code § 514). Plaintiff's overtime claims brought under Labor Code section 510 are not viable and are preempted because he was an employee who is subject to a qualifying CBA under Section 514 of the Labor Code. Here, the CBA expressly provides for the "wages, hours of work, and working conditions of the employees, and…premium wage rates for all overtime worked and a regular hourly rate of pay for those employees of not less than 30 percent more than state minimum wage…" *Id*. Thus, Plaintiff's claims are preempted and this Court has original jurisdiction over Plaintiff's overtime claim.

9.    Section 301 also preempts Plaintiff' purely derivative claims. For example, Plaintiff's claims for violations of Labor Code sections 203 (waiting time penalties), 204 (failure to timely pay wages during employment), 226 (wage statement violations), and 1174 (failure to maintain accurate records), among others, are purely derivative of Plaintiff's meal period, rest break and overtime claims (all of which Section 301 clearly preempts), and therefore require interpretation of the same underlying provisions of the CBA.

10.    To the extent that Plaintiff has not specifically pled that his claims require interpretation of the applicable CBA, he attempts to "artfully plead" his claim. This is improper and cannot avoid Section 301 preemption. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

11.    Accordingly, this Court has original jurisdiction over Plaintiff's Complaint.

## V.    SUPPLEMENTAL JURISDICTION

12.    This Court has supplemental jurisdiction over Plaintiff's other claims because they form part of the same case or controversy which is the subject of Plaintiff's overtime, meal period, rest break, and failure to reimburse claims. 28 U.S.C. §§ 1367(a), 1441(a); *see City of Chicago v. Int's Conference of Surgeons*, 522 U.S. 156, 156-59 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims).

13.    This Court has jurisdiction over all claims in the Complaint.

/ / /

DEFENDANT'S NOTICE OF REMOVAL

## VI.    THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

14.    Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise …." The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

15.    Plaintiff filed the above-captioned action on February 2, 2021 in the Superior Court of the State of California, County of San Francisco, as case number CGC-21-589556.  This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's service of the Complaint on April 7, 2021 via notice and acknowledgment of receipt.  *See* 28 U.S.C. § 1446; Fed. Rule Civ. Proc. 6(a)(1).

16.    No previous application has been made by PSG for this or similar relief.

17.    Written notice of the filing of this Notice of Removal will be given to the adverse parties and state court as required by 28 U.S.C. section 1446(d).

DATED: May 7, 2021                    PROCOPIO, CORY, HARGREAVES &SAVITCH LLP


By:_____/s/Tyler M. Paetkau_____
                    Tyler M. Paetkau
                    Olga Savage
                    Clint S. Engleson
          Attorneys for Defendant PACIFIC STEEL GROUP

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Edwin Aiwazian (State Bar No. 232943)
LAWYERS FOR JUSTICE, PC
410 Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021
ATTORNEY FOR *(Name):* Plaintiff Israel Berber

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/02/2021**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

CASE NAME:
Berber vs. Pacific Steel Group

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 6, 2021

Edwin Aiwazian
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

1   Edwin Aiwazian (SBN 232943)
    **LAWYERS** *for* **JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel:  (818) 265-1020
    Fax: (818) 265-1021
4   *Attorneys for* Plaintiff

ELECTRONICALLY

**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/02/2021**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

**CGC-21-589556**

| | |
|---|---|
| ISRAEL BERBER, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFIC STEEL GROUP, a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**<br><br>Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff ISRAEL BERBER ("Plaintiff"), individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.     This representative action is brought pursuant to the California Labor Code section 2698, et seq.  The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of San Francisco.  The majority of the acts and omissions alleged herein relating to Plaintiff and the other aggrieved employees took place in the State of California, including the County of San Francisco.

## PARTIES

5.     Plaintiff ISRAEL BERBER is an individual residing in the State of California.

6.     Defendant PACIFIC STEEL GROUP, at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of San Francisco.

///

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.     At all relevant times, PACIFIC STEEL GROUP was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

8.     At all times herein relevant, PACIFIC STEEL GROUP, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     PACIFIC STEEL GROUP, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## PAGA ALLEGATIONS

12.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

2

13.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15.     Plaintiff was employed by Defendants and the alleged violation was committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

16.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.     The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

sixty-five (65) calendar days of the postmark date of the Employee's

Notice, the aggrieved employee may commence a civil action pursuant

to California Labor Code section 2699 to recover civil penalties in

addition to any other penalties to which the employee may be entitled.

17.     On October 28, 2020, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant PACIFIC STEEL GROUP of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.

18.     Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

## **GENERAL ALLEGATIONS**

19.     At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California (hereinafter collectively referred to as the "other aggrieved employees").

20.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately November 2019 to approximately May 2020 in the State of California, County of San Francisco.

21.     Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

22.     Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

///

///

23.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24.    Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25.    Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26.    Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees.  This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment.  Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

39.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees.  Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

40.     At all material times set forth herein, Defendants failed to provide uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

41.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

42.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.     At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

45.     At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48.     California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## **FIRST CAUSE OF ACTION**

### **Violation of California Labor Code § 2698, et seq.**

### **(Against PACIFIC STEEL GROUP, and DOES 1 through 100)**

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

51.     Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

52.     Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current

///

or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

53.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

54.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

55.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

56.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

57.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

58.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Provide Complete and Accurate Wage Statements**

59.      Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

60.      Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

61.      Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

62.      Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a.      Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.      Penalties under California Code of Regulations Title 8 section 11010 et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

10

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.   Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.   Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

63.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

64.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

### As to the First Cause of Action

1.   For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

11

1      2.      For such other and further relief as the Court may deem equitable and

2  appropriate.

3  DATED:  January 6, 2021                    **LAWYERS** *for* **JUSTICE, PC**

4

5                                    By: _____

6                                        Edwin Aiwazian
                                         *Attorneys for* Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **JUL-07-2021**

**TIME:**     **10:30AM**

**PLACE:**    **Department 610**
              **400 McAllister Street**
              **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACIFIC STEEL GROUP, a California corporation; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISRAEL BERBER, individually, and on behalf of other aggrieved
employees pursuant to the California Private Attorneys General Act;

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of the State of California for the County of San Francisco
Civic Center Courthouse, 400 McAllister St., San Francisco, CA 94102

</td><td>

CASE NUMBER:
*(Número del Caso):*

**CGC-21-589556**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 Arden Ave., Suite 203, Glendale, California 91203; Tel. (818) 265-1020

| DATE: **02/02/2021** | Clerk, by | **RONNIE OTERO** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: 818.265.1020    FAX NO. (Optional): 818.265.1021<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Israel Berber | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, 94102<br>BRANCH NAME: Civic Center Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Israel Berber |
| DEFENDANT/RESPONDENT: Pacific Steel Group |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-21-589556 |

TO (insert name of party being served): Pacific Steel Group, a California corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March  , 2021

Edwin Aiwazian
(TYPE OR PRINT NAME)

_(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):

   Civil Case Cover Sheet, Notice to Plaintiff Re: Case Management Conference, ADR Information Package

*(To be completed by recipient):*

Date this form is signed: April 7, 2021

Clint Engleson on behalf of Pacific Steel Group
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Tyler M. Paetkau (Bar No. 146305)
E-mail:tyler.paetkau@procopio.com
Olga Savage (Bar No. 252009)
E-mail:olga.savage@procopio.com
Clint S. Engleson (Bar No. 282153)
E-mail:clint.engleson@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1117 S California Ave, Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

David A. Perkins (Bar No. 131683)
Executive Vice President & General Counsel
Pacific Steel Group
4805 Murphy Canyon Road
San Diego, CA  92123

Attorneys for Defendant PACIFIC STEEL GROUP

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ISRAEL BERBER, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC STEEL GROUP, a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CGC-21-589556 <br><br> **ANSWER BY DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT** <br><br> Complaint Filed:    February 2, 2021 |

Defendant Pacific Steel Group ("Defendant") hereby submits the following answer and affirmative defenses to the unverified Complaint filed by Plaintiff Israel Berber ("Plaintiff").

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each, every, and all of the allegations of the unverified Complaint, and the whole thereof.  Defendant further denies that Plaintiff has sustained, or will sustain, any injury, damage, or loss by reason of any act, omission, breach, negligence, or any other conduct or the absence thereof, on the part of Defendant, or any agent, attorney, servant, or employee of Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, and to each purported cause of action therein, Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Internal Remedies)

Defendant alleges that Plaintiff's Complaint and any purported causes of action alleged therein is barred by Plaintiff's failure and the failure of allegedly aggrieved employees to timely and successfully exhaust internal remedies, including without limitation mandatory grievance arbitration, under any applicable Collective Bargaining Agreement.

### SECOND AFFIRMATIVE DEFENSE
#### (Exempt Pursuant to Collective Bargaining Agreement)

Defendant alleges that Plaintiff's job duties and the job duties of allegedly aggrieved employees were dictated by and subject to a valid Collective Bargaining Agreement(s), which governed the wages, hours of work, and working conditions of Plaintiff and the allegedly aggrieved employees he seeks to represent.

### THIRD AFFIRMATIVE DEFENSE
#### (Preemption)

Defendant alleges that Plaintiff's claims and the claims of the allegedly aggrieved employees are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the National Labor Relations Act, 29 U.S.C. §§ 151-169, because such claims are for alleged violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce.

### FOURTH AFFIRMATIVE DEFENSE
#### (Failure to Join Necessary and Indispensable Party)

Defendant alleges that Plaintiff cannot bring a claim against Defendant without alleging and showing that Plaintiff's work duties were dictated by and subject to one or more Collective Bargaining Agreements.

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

Plaintiff's claims and the claims of certain allegedly aggrieved employees are barred to the extent that they are subject to the exclusive remedy of arbitration.

**SIXTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

The Complaint is vague, uncertain, ambiguous, and unintelligible, including, but not limited to, the nature of any allegedly uncompensated work time and how Defendant allegedly failed to issue accurate itemized wage statements.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint is barred in whole or in part because Plaintiff and the allegedly aggrieved employees are estopped from pursuing the Complaint, and each of its causes of action, by reason of their own actions and courses of conduct, including, but not limited to, failure to abide by company policies and practices pertaining to the allegations in the lawsuit, failing to abide by the terms of any applicable Collective Bargaining Agreements, failing to accurately record all hours worked, and failing to raise and/or stating they had not experienced the violations alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint is barred in whole or in part by the doctrine of unclean hands based on, *inter alia*, Plaintiff's and the allegedly aggrieved employees' failure to accurately report their work times, failure to abide by Company policies and practices pertaining to the allegations in the lawsuit, and failing to abide by the terms of any applicable Collective Bargaining Agreements pertaining to the allegations in the lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

Plaintiff is not entitled to recover some or all of the California Labor Code penalties prayed for in the Complaint because at all times, Defendant acted in good faith and had reasonable grounds

for believing its actions did not violate the law, including, but not limited to, Defendant's good faith belief that it paid all wages due and owing to Plaintiff and the allegedly aggrieved employees based on the hours reported by Plaintiff and the allegedly aggrieved employees during and upon termination of employment.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each of its causes of action, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 338(a) and 340(a), and California Business & Professions code section 17208.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncompensated Time *De Minimis*)

Plaintiff's claims and the claims of the allegedly aggrieved employees are barred to the extent that any uncompensated time and alleged "off the clock" work was *de minimis*, including, but not limited to, any time spent on alleged pre-shift activities.  Defendant is informed and believes that such alleged uncompensated time was so irregular or minute that it would be unreasonable to expect the time to be recorded or compensated.

## TWELFTH AFFIRMATIVE DEFENSE

### (Employees' Voluntary Choice To Forego Meal Periods)

Plaintiff and the allegedly aggrieved employees are not entitled to recover some or all of the penalties requested in the Complaint because Defendant is informed and believes that such employees voluntarily chose to forego their meal periods.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Employees' Voluntary Choice To Forego Rest Breaks)

Plaintiff and the allegedly aggrieved employees are not entitled to recover some or all of the penalties requested in the Complaint because Defendant is informed and believe that such employees voluntarily chose to forego their rest breaks.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2699.6)

California Labor Code § 2699.6 exempts Plaintiff's claims and the claims of the allegedly aggrieved employees from the provisions of the California Attorneys General Act of 2004 ("PAGA") because Plaintiff and the allegedly aggrieved employees were employees in the construction industry whose work duties were dictated by and subject to one or more Collective Bargaining Agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Representative Action Unmanageable)

Plaintiff's representative claims should be rejected on manageability grounds given that, among other things, Plaintiff's representative claims will necessarily require consideration of a myriad of facts specific to numerous individuals. *See, e.g., Ortiz v. CVS Caremark Corporation*, No. C-12-05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014); *Rix v. Lockheed Martin Corp.*, No. 09CV2063 MMA NLS, 2012 WL 13724, at *1 (S.D. Cal. Jan. 4, 2012).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (PAGA—Penalties Punitive)

Penalties pursuant to PAGA should not be imposed, or should be lessened, because the facts and circumstances of this particular case would result in an award that is "unjust, arbitrary and oppressive, or confiscatory."

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (PAGA—No Penalties Beyond the Initial Violation)

The purported causes of action under PAGA are barred to the extent that Plaintiff and the allegedly aggrieved employees seek penalties beyond the "initial" violation as described in California Labor Code section 2699(f)(2).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (PAGA—Duplicative Recovery)

Plaintiff and the allegedly aggrieved employees are not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (PAGA—Not "Aggrieved Employees")

The purported causes of action under PAGA are barred to the extent they seek to recover penalties on behalf of individuals who are not "aggrieved employees."

## TWENTIETH AFFIRMATIVE DEFENSE

### (PAGA—Unconstitutionality)

Although Defendant denies that it has committed or has responsibility for any act that could support recovery under PAGA, if and to the extent any such liability is found, recovery against Defendant under PAGA is unconstitutionally excessive and violates Defendant's due process rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA—Failure to Adequately Exhaust Administrative Remedies)

Plaintiff's claims for PAGA penalties are barred in whole or in part because Plaintiff did not timely exhaust his administrative remedies as required or otherwise failed to comply with all the statutory prerequisites to bringing suit pursuant to PAGA, including, but not limited to, by failing to set forth the theories alleged in his Complaint in sufficient detail in his pre-filing notice letter to Defendant and the California Labor & Workforce Development Agency.

## RESERVATION OF RIGHTS

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate. Defendant will seek such relief in accordance with applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests relief as follows:

1.    That Plaintiff and the allegedly aggrieved employees take nothing by virtue of this action;

2.    That any liability attributed to Defendant be limited in direct proportion to that percentage of fault actually attributable to Defendant;

3.    For reasonable attorneys' fees pursuant to California Labor Code section 218.5 or any

1    other applicable law, and for costs of suit incurred herein, including experts' fees;

2         4.    For an order of this Court denying all relief sought by Plaintiff; and

3         5.    For such other and further relief as this Court may deem just and proper.

4    DATED: May 6, 2021                    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

5

6                              By:_____
                                      Tyler M. Paetkau
7                                      Olga Savage
                                      Clint S. Engleson
8
                                      Attorneys for Defendant
9                                      PACIFIC STEEL GROUP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 146305<br>NAME:  Tyler M. Paetkau<br>FIRM NAME:  PROCOPIO, CORY, HARGREAVES & SAVITCH LLP<br>STREET ADDRESS: 1117 S. California Ave., Suite 200<br>CITY: Palo Alto                    STATE: CA      ZIP CODE: 94304<br>TELEPHONE NO.: 650-645-9027          FAX NO. :<br>E-MAIL ADDRESS:  tyler.paetkau@procopio.com<br>ATTORNEY FOR (name):  Defendant Pacific Steel Group | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS:  400 McAllister Street,<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    San Francisco, CA 94102<br>BRANCH NAME:  Civic Center Courthouse | |
| PLAINTIFF/PETITIONER: Israel Berber | CASE NUMBER:<br>CGC-21-589556 |
| DEFENDANT/RESPONDENT: Pacific Steel Group | JUDICIAL OFFICER:<br>Hon. Samuel K. Feng |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>206 |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
        PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
        1117 S. California Ave., Suite 200, Palo Alto, CA 94304

    b.  My electronic service address is *(specify):*
        yveline.coulond@procopio.com

2.  I electronically served the following documents *(exact titles):*
    Answer by Defendant to Plaintiff's Unverified Complaint.

    ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served:  Edwin Aiwazian, Esq.

        On behalf of *(name or names of parties represented, if person served is an attorney):*
        Plaintiff, Israel Berber

    b.  Electronic service address of person served *:*
        edwin@calljustice.com

    c.  On *(date):*  May 6, 2021

    ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 6, 2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yveline Coulond
_____
    (TYPE OR PRINT NAME OF DECLARANT)

▶

_____
    (SIGNATURE OF DECLARANT)

Page 1 of 1

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**